**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12 CR 851-3** |
| | ) | |
| **LEWIS HALL** | ) | |

### <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

Lewis Hall was arrested in or about August 2012 on a heroin distribution charge, and he has been in custody continuously since that date—over eight and one-half years at this point.  This followed a 2006 federal narcotics conviction on which he served over four years prior to his release in July 2010.

In the present case, Hall pled guilty in November 2013.  In his plea agreement, Hall admitted that he had conspired with several others to possess heroin with intent to distribute.  Specifically, Hall traveled from Ohio to Joliet, Illinois in August 2012 to pick up a very large quantity of heroin.  He and a co-defendant gave about $330,000 to the suppliers and were given about five and one-half kilograms of heroin in return.  Hall was arrested before he could distribute the heroin.

Hall's criminal history included two prior felony narcotics convictions (including the 2006 federal conviction), a domestic violence conviction, and a state misdemeanor narcotics conviction from 2011.  For these reasons, and because he was on supervised release at the time of his offense in the present case, Hall's criminal history category under the Sentencing Guidelines was V.  His offense level was 31.  The advisory range under the Guidelines was 168 to 210 months.  The Court imposed a below-range

sentence of 132 months, partly to avoid an unwarranted disparity with a co-defendant's anticipated sentence and partly because the Court believed a within-range sentence would be excessive in any event.

Hall, who is now 46 years old, is currently serving his term of imprisonment at FCI Elkton. As indicated earlier, he has been in custody for over eight and one-half years. According to the Bureau of Prisons website, his anticipated release date is in November 2021, about eight months from now.

Hall has filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He cites his health condition; the risks he faces due to the coronavirus pandemic; and adverse conditions over the past year at FCI Elkton, which suffered a very serious outbreak of coronavirus disease among inmates. In addition, Hall was participating in the Residential Drug Abuse Program and likely would have received a reduction of his term of incarceration for that reason, were it not for the fact that the program was suspended at FCI Elkton due to conditions resulting from the pandemic. Hall also cites his participation in numerous self-improvement programs while incarcerated.

The government was directed to file a response to the motion, but it did not do so. The Court noted this in an order and concluded that the government had forfeited filing a response. The government did not seek reconsideration of that order.

Hall's motion is filed under section 603(b) of the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to provide a greater role for courts in determining whether to reduce a defendant's sentence based on "extraordinary and compelling reasons" warranting a reduction. As amended, and as applicable here, the statute provides that

[t]he court may not modify a term of imprisonment once it has been

2

imposed except that—

(1)   in any case—

(A)          the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

It appears that Hall has satisfied the statute's administrative exhaustion requirement. In addition, the Court concludes that there are "extraordinary and compelling reasons" that permit a sentence reduction, including a heart condition that is documented in his presentence report, combined with the other factors cited above.

The Court also concludes that a reduction of Hall's sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." The policy statements issued by the Sentencing Commission even before the passage of the First Step Act included an open-ended provision broad enough to cover the circumstances argued by Hall. *See* U.S.S.G. § 1B1.13, app. note 1(D). *See, e.g., United States v. Reyes*, No. 04 CR 970, 2020 WL 1663129, at *2 (N.D. Ill. Apr. 3, 2020) (Leinenweber, J.); *cf. United States v. Gunn*, No. 20-1959, 2020 WL 6819355, at *2 (7th Cir. Nov. 20, 2020) (court may rely on pre-First Step Act policy statements by Sentencing Commission

3

in determining what constitutes an extraordinary and compelling reason warranting release).

Finally, section 3582(c)(1)(A) requires the Court to consider the factors regarding imposition of an appropriate sentence set forth in 18 U.S.C. § 3553(a). These include Hall's history and characteristics; the nature and circumstances of his crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by Hall; and providing him with any necessary services and treatment.

Hall is very close to the end of his term of incarceration. He has served over eight and one-half years in prison. This sufficiently accounts for the seriousness of his crime. The Court also believes that the amount of time that Hall has served to date is just as likely as the originally-imposed sentence to deter him and others from committing crimes in the future. The Court concludes that the interests of justice and the relevant factors under section 3553(a) warrant a reduction of Hall's sentence to time served, with one condition. Specifically, because the reduction will eliminate the "halfway house" time that Hall otherwise would serve at the end of his sentence, the Court will amend the conditions of supervised release to add a condition of six months of home detention with location monitoring.

**Conclusion**

For the reasons stated above, the Court grants defendant Lewis Hall's motion for compassionate release [222]. The Court reduces the defendant's prison sentence to time served. This reduction is conditioned upon amendment of the judgment to add a term of supervised release requiring Hall to serve the first six months of his supervised release on home detention. Compliance with this condition shall be monitored by a form

4

of location monitoring technology selected at the discretion of the probation officer, and the defendant shall abide by all technology requirements.  All other previously imposed conditions of supervised release will remain as-is.  In addition, the defendant's release from the Bureau of Prisons is stayed for fourteen days from the date of this order, so that he may be quarantined prior to his release.  The Clerk will prepare an amended judgment and commitment order.

Date: March 8, 2021

_____
MATTHEW F. KENNELLY
United States District Judge